Michael L. Dworkin (SBN 64047)/John T. Van Geffen (SBN 247084)
AVIALEX LAW GROUP, LLP
465 California Street, Suite 210
San Francisco, CA 94104
Phone: (415) 421-2500
Fax: (415) 421-2560
Email: law@avialex.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WOELICH, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| BOUTIQUE AIR, INC., | |
| Defendant. | |

Plaintiff Robert J. Woelich by his attorneys' files this Complaint against Boutique Air, Inc. and alleges as follows:

NATURE OF THE ACTION

1. This is an action concerning Defendant Boutique Air, Inc.'s failure to comply with the Pilot Records Improvement Act (49 C.F.R. §44703(h)(1)), numerous fraudulent misrepresentations made by Defendant regarding Plaintiff's employment files, Defendant's inappropriate publication of false information about Plaintiff and Defendant's attempt to then extort Plaintiff to not bring this action in violation of California Penal Code § 518PC.

2. Plaintiff has suffered wage loss, loss of use of property, general and special damages, property damage, loss of earning capacity and other damages as a result of Defendant's intentional, malicious and oppressive conduct. Plaintiff is seeking judgment for costs of suit, compensatory, general, punitive, exemplary and treble damages, injunctive and declaratory relief, and for such other relief as is fair, just, and equitable. A formal prayer follows.

PARTIES

3. Plaintiff, ROBERT JOE WOELICH 2, is an individual residing in Port Orchard, Washington and is a citizen of the State of Washington. Plaintiff is a pilot, duly certificated by the Federal Aviation Administration ("FAA").  He holds Commercial Pilot Certificate Number 3787476, is a certified flight instructor and has been professionally employed as a pilot since May 2015.  He has logged over 1,500 hours of flight time.

4. Defendant BOUTIQUE AIR, INC. (heretofore "Boutique") is a California domestic stock corporation (California Corporate Number C3000770) located at 5 Third Street, Suite 320, San Francisco, California 94103.

5. On information and belief, there exist agents or employees of Defendant Boutique that acted within the scope of that agency or employment and whose capacities are unknown to plaintiff but were co-conspirators of Defendant Boutique. Plaintiff will be amended this Complaint to name any such individuals upon learning of their identity or identities.

JURISDICTION AND VENUE

6. This Court has jurisdiction as there is complete diversity of citizenship between Plaintiff and Defendant in this case. The amount in dispute in this action, exclusive of interest and costs,

exceeds the sum of $75,000. Therefore, this Court has jurisdiction over this dispute under 28 U.S.C. §1332.

7.  This Court has personal jurisdiction over Defendant Boutique because Defendant Boutique is domiciled within the Northern District of California.

8.  Venue in this district is proper under 28 U.S.C. §1391(b)(1) because Defendant Boutique resides in this district.

9.  The relief sought in this complaint is within the jurisdiction of this court.

10. Plaintiff has complied with any and all applicable claims statutes.

11. Plaintiff requests a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

**FACTS**

12. Defendant Boutique is an FAA-certificated air carrier, holding an Air Carrier Operating Certificate authorizing it to conduct air carrier operations within the United States.

13. The Pilot Records Improvement Act of 1996 ("PRIA"; 49 U. S. C. Sec 44703) was enacted to ensure that air carriers and air operators adequately investigate a pilot's background before allowing that pilot to conduct commercial air carrier flights. PRIA specifies what safety-related records are to be kept, maintained and reported.

14. On or about October 2016 Plaintiff was hired by Defendant Boutique as a pilot.

15. On or about May 1, 2017, Defendant Boutique's Assistant Director of Operations, Jared Carlstrom, advised Plaintiff that he was being terminated and demanded that Plaintiff execute a "Corrective Action Form" (CAF).

16. Said CAF ("infringing CAF") stated that Plaintiff was being terminated for human resources ("HR") complaints allegedly arising from his use of inappropriate language in violation of Defendant Boutique's Employee Handbook and further stated that the CAF itself was reportable in Pilot Records Improvement Act ("PRIA") background checks.  Plaintiff was not provided with a copy of the infringing CAF at that time.

17. Plaintiff requested that Defendant Boutique provide him with copies of the infringing CAF and the alleged HR complaints, which Defendant failed and/or refused to do.

18. Moreover, Defendant Boutique failed and/or refused to identify who had made the complaints, refused to discuss what the alleged complaints entailed, refused to advise as to any actions taken by Defendant to substantiate the alleged complaints and refused to grant Plaintiff any opportunity to investigate, appeal or otherwise contest the infringing CAF and the allegations therein.

19. On May 2, 2019, Defendant Boutique provided Plaintiff with an electronic copy of the infringing CAF which had labeled as a "PRIA Reportable Incident" contrary to the clear language of 49 U.S.C. §44703(h)(1) which requires only "records pertaining to the individual's performance as a pilot" as Human Resource complaints and non-performance related violations of company manuals and employee handbooks, substantiated or not, and are not intended to be included in a pilot's PRIA file.

20. On May 6, 2017, Plaintiff contacted Defendant Boutique's Assistant Director of Operations Jared Carlstrom and Director of Operations Matthew Butcher via email to request that the infringing CAF be corrected as HR complaints and alleged violations of employee

handbooks unrelated to an individual's performance as a pilot are not "PRIA Reportable Incident(s)".

21. On May 10, 2017, Defendant Boutique's Mr. Carlstrom sent Plaintiff a corrected CAF for signature which Mr. Carlstrom stated via email would, upon signature, replace the original infringing CAF. Unbeknownst to Plaintiff, Mr. Carlstrom's material representation that the corrected CAF would replace the original infringing CAF was false.

22. Plaintiff executed and returned the corrected CAF that same day and, in his transmittal, reiterated that Defendant Boutique had not provided Plaintiff with any information as to what the alleged HR complaints were about, who made the complaints, or what, if any, actions Defendant Boutique had taken to substantiate the alleged complaints.

23. In his May 10, 2017 email to Defendant, Plaintiff commented that in addition to having no negative records in his file prior to the infringing CAF, Plaintiff had never been contacted by anyone in Defendant's HR about any issue(s) prior to being terminated, was never given an opportunity to address alleged HR complaints and he maintained that the legitimacy of any and all such complaints was vehemently contested.

24. On May 10, 2017, in response to Plaintiff sending the signed corrected CAF, Defendant Boutique's Matthew Butcher sent Plaintiff an email stating "…Since [the infringing CAF] is not on your pria [sic], you should not have any issues going forward". Unbeknownst to Plaintiff, Mr. Butcher's material representation was false.

25. Defendant Boutique's Mr. Carlstrom acknowledged receipt of, countersigned, and returned the corrected CAF on May 11, 2017.

26. Plaintiff agreed to not contest his termination nor appeal the infringing CAF in reliance upon Defendant Boutique's and Messrs. Carlstrom's and Butcher's  material statements and representations that: (i) Defendant Boutique agreed that the infringing CAF was not PRIA reportable; (ii) Defendant Boutique would correct Plaintiff's PRIA file; and (iii) Defendant would not release the infringing CAF to any potential employers. These statements and representations by Defendant Boutique, upon which Plaintiff reasonably relied, were false.

27. In or about July 2018, Plaintiff, relying on the multiple representations and statements from Defendant Boutique, applied for, and was subsequently offered, employment as a pilot at Horizon Air, an FAA-certificated air carrier.

28. Upon receiving the employment offer from Horizon Air, Plaintiff submitted to a background check and relocated from Phoenix, Arizona to Seattle, Washington at his own expense in anticipation of his September 17, 2018 start date.

29. On September 7, 2018, Horizon Air sent Plaintiff a letter advising that it was considering taking adverse action against him based on information in the background report. Horizon Air provided Plaintiff with a copy of the infringing CAF that Horizon Air had received from Defendant Boutique.

30. On September 24, 2018, Alaska Airlines (Horizon Air's parent) and Horizon Air Supervisor of Employee Onboarding, Ms. Sheryl Duyungan, sent Plaintiff an email advising that, as a result of the background check, Horizon Air was no longer interested in moving forward with its previously extended employment offer.

31. On September 24, 2018, Horizon Air's Director of On-Boarding & Pre-Employment Programs sent Plaintiff a letter stating that Horizon Air was rescinding its previous offer of employment as a result of the infringing CAF received during his background check.

32. On September 25, 2018, Plaintiff, through counsel, sent Defendant Boutique a letter via USPS Certified Mail, Return Receipt Requested, again demanding that the infringing CAF be removed from his PRIA file and providing substantial authority, including United States Code and Federal Aviation Administration Advisory Circulars, explaining why it was inappropriate for the infringing CAF to be included in his file.

33. Defendant Boutique failed or refused to respond to the September 25, 2018, letter. On information and belief, Plaintiff's prior counsel sent a follow up letter, which was also ignored by Defendant Boutique.

34. Relying on Defendant Boutique's representations, in or about October 2018, Plaintiff applied for, and was subsequently offered, employment as a pilot with SkyWest Airlines, an FAA-certificated air carrier.  SkyWest Airlines scheduled training for Plaintiff to begin later that month.

35. During the interview process at SkyWest, Plaintiff explained that Defendant Boutique was sending out the inappropriate infringing CAF as part of its PRIA responses, that Plaintiff was attempting to correct the situation and that Defendant Boutique had made repeated promises and assurances that it would correct Plaintiff's PRIA record.

36. On November 26, 2018, SkyWest Airlines contacted Plaintiff to advise that it was not moving forward with his employment because, despite numerous representations from

Defendant Boutique, Boutique had failed to correct its PRIA files and had sent SkyWest Airlines the infringing CAF.

37. SkyWest stated in a written communication to Plaintiff:

"… We understand that [the infringing CAF] shouldn't have been sent via PRIA but the fact remains it was. This decision has been carefully considered and we understand the unfortunate implications for you, but it will not be reversed…."

38. On or about November 26, 2018, SkyWest Airlines terminated Plaintiff and removed him from training.

39. On or about November 27, 2018, Plaintiff contacted Defendant Boutique via telephone and email to advise that Defendant Boutique had again misrepresented that Plaintiff's PRIA file had been corrected, had sent the infringing CAF and, as a result, Plaintiff had lost another employment opportunity.

40. During this November 27th telephone call, Plaintiff again requested that his PRIA record be corrected. In that call, Defendant's Chief Pilot, Bryant West, made the material representation that Plaintiff's PRIA file had been corrected and that the infringing CAF had been removed. Mr. West's representation was false.

41. On November 28, 2018, Defendant Boutique Air, Inc.'s Chief Pilot, Bryant West, issued a letter stating:

To Whom it may Concern,
A Corrective Action Form showing that Robert Woelich was released from employment due to a violation of Company Policy and Professional Demeanor was mistakenly sent out with his PRIA documentation.
This document should be disregarded, as it was errantly sent out…

42. In response to Mr. West's letter, Horizon Air offered Plaintiff a second chance at employment provided that Defendant Boutique corrected Plaintiff's PRIA file before Horizon's second background check was completed.

43. On December 8, 2018, Plaintiff contacted Defendant Boutique to advise that a second background check / PRIA request was forthcoming from Horizon Air and asked that Defendant Boutique take the time to review the PRIA request and response to ensure that the infringing CAF form would not be sent to Horizon Air a second time.

44. On January 8, 2019, Horizon Air's Director of On-Boarding & Pre-Employment Programs, Alicia Wells, sent Plaintiff a letter advising that during their second background check, Defendant Boutique had again sent the infringing CAF and as a result Horizon was considering an adverse action against him.

45. On January 17, 2019, a representative from Alaska Air and Horizon Air contacted Plaintiff telephonically to advise that his employment offer had been rescinded due to Defendant Boutique again sending the infringing CAF. Plaintiff confirmed this conversation with a same day follow up email to Alaska Airline's Sheryl Duyungan.

46.  On January 24, 2019, Plaintiff, through counsel, sent Defendant Boutique a cease and desist letter demanding that it remove the infringing CAF from Plaintiff's PRIA file and reimburse him for his out of pocket expenses and lost income resulting from Defendant's repeated misrepresentations and failures to correct the PRIA file.

47. In that same letter, Plaintiff, through counsel, requested that Defendant Boutique provide a copy of the PRIA file to confirm that the infringing CAF had been removed.  Defendant refused to do this.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

48. On March 12, 2019, Defendant Boutique, through its counsel, Michael A. Laurenson of Gordon & Rees, stated that going forward, Defendant will include the infringing CAF document and additional previously undisclosed unsubstantiated HR Complaints to any and all future employers should Plaintiff proceed with his claims against Defendant Boutique, but that Defendant Boutique would ensure that future PRIA responses would not include the infringing CAF if Plaintiff agreed to withdraw any claims he may have against Defendant Boutique.

49. Defendant, through counsel, attempted to extort Plaintiff in violation of California Penal Code Section 518PC to stop this action from being filed.

50. Plaintiff has incurred over $50,000 in lost wages due to job offers being rescinded as a direct result of the Defendant continuing to publish the infringing CAF to potential employers despite Defendant's numerous representations that the infringing CAF had been removed and would not be published. These damages continue to grow.

51. Plaintiff incurred over $5,000 in relocation expenses when he moved from Phoenix to Seattle in connection with his Horizon Air employment prior to the job offer being rescinded due to the infringing CAF from Defendant.

52. As of the date of filing this Complaint, Plaintiff has incurred over $26,330 in attorneys' fees and costs attempting to have Defendant correct a file that Defendant has repeatedly promised to fix for over sixteen months.

53. Plaintiff continues to incur other costs and expenses resulting from his inability to find work due to Defendant's wrongful actions.

54. Plaintiff's economic damages resulting from Defendant's tortious conduct exceed $85,000.00 at the time of filing this Complaint and continue to increase, in large part due to his inability to obtain employment in his chosen profession as a pilot.

55. Defendant was aware that its employees, agents and officers planned to commit tortious, fraudulent, defamatory, libelous, and illegal acts against Plaintiff and is responsible for all acts done as part of the conspiracy.

**TREBLE DAMAGES**

56. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

57. Defendant's misrepresentations have prevented Plaintiff from obtaining employment.

58. Defendant violated California Labor Code 1050 and pursuant to California Labor Code 1054, Plaintiff is entitled to and hereby requests treble damages.

**FIRST CLAIM FOR RELIEF - INTENTIONAL TORT – FALSE LIGHT**

59. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

60. Plaintiff had a reasonable expectation to privacy considering Defendant's Chief Pilot, Director of Operations and Assistant Director of Operations all represented that the infringing CAF would not be published in response to PRIA requests from Plaintiff's prospective employers. Each of these representations from Defendant were false.

61. Defendant intentionally, repeatedly and maliciously sent the infringing CAF record to prospective employers for the purpose of preventing Plaintiff from being hired, intruding on Plaintiff's privacy, putting Plaintiff in a false light and causing Plaintiff severe economic loss, hardship, humiliation, mental anguish, and emotional and physical distress.

62. The false light created by Defendant's disclosure of the infringing CAF is highly offensive to a reasonable person applying for employment as an airline pilot.

63. Defendant's actions were the legal (proximate) cause of damages to Plaintiff, including, but not limited to, the loss of three separate job opportunities, lost wages, expenses and fees, and serious and severe harm to his employment prospects, reputation, profession, occupation and career.

64. As a further proximate result of Defendant's actions and the consequences proximately caused by it, as hereinabove alleged, Plaintiff has suffered severe humiliation, mental anguish, and emotional and physical distress.

**SECOND CLAIM FOR RELIEF – NEGLIGENCE**

65. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

66. Plaintiff, as an ex-employee of Defendant, had a reasonable expectation that Defendant would comply with applicable laws and regulations, including PRIA, and not include non-responsive and extraneous records not related to his pilot performance in response to a background checks conducted by prospective employers.

67. This expectation is even more reasonable considering Defendant's Chief Pilot, Director of Operations and Assistant Director of Operations made representations that Defendant Boutique (1) agreed that the infringing CAF was not responsive to PRIA requests, (2) claimed that it had already removed the infringing CAF from Plaintiff's file, and (3) assured Plaintiff that it would not forward the infringing CAF to prospective employers.

68. Defendant, as an airline conducting PRIA background checks on its own prospective pilot employee, knows that the infringing CAF could and would very likely prevent or hinder employment opportunities, would likely disparage any pilot applicant and would likely cause any pilot applicant serious and severe professional harm and could conceivably cause the termination of an applicant's career.

69. As a direct result of Defendant's misrepresentations and negligent forwarding of the infringing CAF to prospective employers, Plaintiff has had three job offers rescinded.

70. Plaintiff alleges that Defendant were the legal (proximate) cause of damages to Plaintiff.

**THIRD CLAIM FOR RELIEF - NEGLIGENCE PER SE**

71. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

72. On information and belief, Defendant's actions alleged above violate the law, including California Labor Code §1050, 49 U.S.C. 44703 and California Penal Code Section 518PC.

73. Defendant's violations are the legal (proximate) cause of Plaintiff's damages.

**FOURTH CLAIM FOR RELIEF - FRAUD – MISREPRESENTATION**

74. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

75. Plaintiff alleges that Defendant's misrepresented material facts, specifically, that (i) Defendant understood and agreed that the infringing CAF was not PRIA responsive and did not constitute a PRIA record, (ii) Defendant would remove and had removed the infringing CAF from Plaintiff's PRIA file, and (iii) Defendant promised not to provide the infringing CAF to prospective employers.

76. Plaintiff relied on Defendant's material representations when he decided not to challenge his termination from Defendant Boutique nor appeal the infringing CAF and then subsequently applied to multiple airline pilot positions on the belief that the infringing CAF would not be provided.

77. Defendant's representations were false when made and Defendant either knew them to be false or were reckless in its failure to use any reasonable care to determine their veracity.

78. The truth was Defendant never removed the infringing CAF from Plaintiff's file; Defendant continued to provide the infringing CAF to prospective employers; Defendant had no intention of complying with its promises to Plaintiff; and, on information and belief, Defendant was intentionally and maliciously sabotaging Plaintiff's employment opportunities.

79. Defendant Boutique did a 'bait-and-switch' by providing Plaintiff with a corrected non-PRIA reportable CAF for signature with the promise that Defendant Boutique would substitute the corrected CAF for the infringing CAF but then sent the infringing CAF to potential employers anyway.

80. Defendant made these misrepresentations with the intent to defraud and induce the Plaintiff to act as described above. At the time Plaintiff acted, Plaintiff did not know that Defendant's representations were false and believed them to be true.

81. Plaintiff acted in justifiable reliance upon the truth of the representations and was damaged as a result.

**FIFTH CLAIM FOR RELIEF - FRAUD – CONCEALMENT**

82. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

83. As the maintainer and keeper of Plaintiff's employment records at Defendant Boutique, Defendant had a duty to ensure against the release of unsubstantiated and/or non-responsive records in response to PRIA requests.

84. Defendant concealed its repeated publication of the infringing CAF to Plaintiff by repeatedly misrepresenting that Defendant (1) agreed that the infringing CAF was not reportable, (2) would remove and had already removed the infringing CAF, and (3) promised not to publish the infringing CAF to prospective employers.

85. Defendant concealed or suppressed material facts that Defendant was bound to disclose.

86. Defendant mislead Plaintiff to prevent him from discovering Defendant's intentional, malicious, tortious and illegal conduct.

87. Despite repeated requests from both Plaintiff and his counsel, Defendant continues to refuse to provide Plaintiff with a copy of Plaintiff's PRIA file maintained by Defendant in violation of 49 U.S.C. §44703(h).

88. Defendant concealed or suppressed these facts with the intent to defraud and induce Plaintiff to act as described herein.

89. At the time Plaintiff acted, Plaintiff was unaware of the concealed or suppressed facts and would not have taken the action if Plaintiff had known the facts.

**SIXTH CLAIM FOR RELIEF – FRAUD – PROMISE WITHOUT INTENT TO PERFORM**

90. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

91. Defendant made repeated material promises without any intention to perform. Specifically, Defendant promised that it (i) agreed with Plaintiff that the infringing CAF was not PRIA reportable; (ii) would substitute a corrected CAF for the infringing CAF, (iii) would remove the infringing CAF, (iv) had already removed the infringing CAF, and (v) would not provide the infringing CAF to prospective employers.

92. Defendant's promises were made without any intention of performance and were made with the intent to defraud and induce Plaintiff into acting as described herein. At the time Plaintiff acted, Plaintiff was unaware of Defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promises and agreed not to press any claims he had against Defendant, not to contest the infringing CAF, and in applying to positions with other airlines.

93. Because of Plaintiff's reliance upon Defendant's conduct, Plaintiff has been damaged from the loss of employment, he has incurred tens of thousands of dollars in lost wages, costs and expenses and legal fees, and his reputation and profession have been irrevocably damaged.

**SEVENTH CLAIM FOR RELIEF – DEFAMATION *PER SE***

94. Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

95. Defendant Boutique's repeated inclusion of the infringing CAF in PRIA responses to Plaintiff's prospective employers, as described above, is defamatory per se, charging Plaintiff with improper conduct and/or lack of skill or integrity in Plaintiff's profession and is of such a nature that it was calculated to cause Plaintiff injury to his profession.

96. Defendant Boutique refused to provide Plaintiff with copies of the alleged HR complaints, the identities of who made the HR complaints, the subject of the complaints, and, most importantly, Defendant Boutique refused to provide Plaintiff with any ability or avenue for investigating, contesting or appealing the alleged complaints. Defendant's actions suggest that the infringing CAF was based on false claims, was part of a conspiracy against Plaintiff, and that Defendant knew the complaints to be false and/or were part of the conspiracy, and Defendant failed to use any reasonable care to determine the truth or falsity of the statements.

97. Defendant Boutique's repeated statements, both verbally and in writing, that it should not and would not include the infringing CAF in response to PRIA responses yet doing so anyway on multiple occasions and threatening to release additional unresponsive documents

in the future shows that Defendant Boutique's actions were oppressive, intentional and malicious.

98. The repeated *per se* defamatory statements by Defendant Boutique have resulted in multiple lost employment opportunities, costs and expenses and has permanently damaged Plaintiff's professional standing and employment prospects.

99. Plaintiff is entitled to damages from Defendant for (i) the harm inflicted on his profession as a commercial pilot, (ii) expenses Plaintiff had to pay as a result of the defamatory statements, and (iii) harm to Plaintiff's reputation.

**EIGHTH CLAIM FOR RELIEF – DEFAMATION PER QUOD**

100.    Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

101.    The facts and circumstances known to Plaintiff's prospective employers relating to the statements by Defendant injured Plaintiff's occupation and exposed him to contempt, ridicule and shame and discouraged other potential employers from associating with or dealing with Plaintiff.

102.    As stated above, Defendant's representations and promises were false and Defendant failed to use reasonable care to determine the truth or falsity of the statements and Plaintiff suffered harm to his reputation, his profession and occupation, incurred expenses, shame, mortification and hurt feelings as a result.

103.    Plaintiff is entitled to punitive damages as Defendant acted with malice, oppression and fraud.

**NINTH CLAIM FOR RELIEF – TRADE LIBEL**

104.    Plaintiff incorporates by this reference each and every allegation contained in the
Paragraphs above, as though fully set forth herein.

105.    The facts and circumstances known to Plaintiff's prospective employers relating to the
statements by Defendant injured Plaintiff's occupation and exposed him to contempt, ridicule
and shame and discouraged other potential employers from associating with or dealing with
Plaintiff.

106.    As stated above, Defendant's statements were false and Defendant failed to use
reasonable care to determine the truth or falsity of the statements and Plaintiff suffered harm
to his reputation, his profession and occupation, incurred expenses, shame, mortification and
hurt feelings.

107.    Defendant Boutique, as an air carrier that conducts its own background checks on
prospective hires, knew and understood that any prospective employer of Plaintiff would rely
on Defendant's infringing CAF documents resulting in Plaintiff suffering financial loss, costs
and fees and damage to his reputation and profession.

108.    Plaintiff suffered direct financial harm because multiple employers relied on Defendant's
statements and PRIA responses and withdrew offers of employment.

109.    Plaintiff is entitled to punitive damages as Defendant acted with malice, oppression and
fraud.


**TENTH CLAIM FOR RELIEF - VIOLATION OF CALIFORNIA BUSINESS AND
PROFESSIONS CODE §17200**

110.   Plaintiff incorporates by this reference each and every allegation contained in the

Paragraphs above, as though fully set forth herein.

111.   By reason of Defendant's fraudulent, deceptive, unfair, and other wrongful conduct as

alleged herein in this Verified Complaint, said Defendant violated California Business and

Professions Code §17200, et seq., by consummating an unlawful, unfair and

fraudulent business practice, designed to deprive Plaintiff of future employment, cause him to

incur expenses and legal fees and permanently damage his reputation and ability to earn an

income.

112.   Defendant attempted to extort Plaintiff in violation of California Penal Code Section

518PC by threatening to release previously undisclosed, unsubstantiated HR complaints in an

attempt to silence Plaintiff and stop this action from being filed.

113.   Defendant violated California Labor Code §1050 by intentionally preventing Plaintiff

from subsequent employment through the use of misrepresentation.

114.   Defendant violated 49 U.S.C. 44703 by refusing to provide Plaintiff with his PRIA file to

show Plaintiff whether Defendant was finally in compliance with Defendant's prior

misrepresentations regarding removing and/or replacing the infringing CAF.

115.   On information and belief, Defendant's actions are intended to benefit, and have

benefitted, Defendant by discouraging pilot attrition in order for Defendant to avoid future

pilot hiring and training costs.

116.   By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in an

amount which is, as yet unascertained. Plaintiff will ask leave of court to amend this Verified

Complaint when the true nature and extent of Plaintiff's damages have been ascertained.

117.   Plaintiff requests punitive damages per California Civil Code §3294.


**ELEVENTH CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH**

**CONTRACTUAL RELATIONS**

118.   Plaintiff incorporates by this reference each and every allegation contained in the

Paragraphs above, as though fully set forth herein.

119.   On information and belief, Defendant intentionally interfered with the three separate

employment contracts and/or offers of employment between Plaintiff and Horizon Air and

SkyWest Airlines.

120.   Defendant was aware of each of these employment offers, having received PRIA Requests

from each prospective employer and from Plaintiff contacting Defendant directly to request

that Defendant take steps to ensure that the infringing CAF not be included in a forthcoming

PRIA Request.

121.   As explicitly stated in multiple communications from Horizon Air and SkyWest Airlines,

all offers of employment were rescinded as a direct result of receiving the infringing CAF from

Boutique Air.

122.   Defendant published the infringing CAF despite representing that it (i) was not reportable,

(ii) had been replaced, (iii) had been corrected, (iv) would be removed, (v) had been removed,

and (iv) would not be provided to prospective employers.

123.   Boutique Air intended to disrupt Plaintiff's employment contracts and/or offers of

employment, or in the alternative, knew that disruption was substantially certain as a result of

providing the infringing CAF.

124.    Plaintiff suffered past and future economic losses and noneconomic damages as a result of Defendant's interference.

**TWELFTH CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

125.    Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

126.    On information and belief, Defendant intentionally interfered with the offers of employment to Plaintiff from both Horizon Air and SkyWest Airlines.

127.    These offers of employment were more likely than not going to result in economic benefit to Plaintiff.

128.    Defendant was aware of these employment offers, knew that the infringing CAF would disrupt the relationships and published them anyway.

129.    Defendant's published the infringing CAF despite stating that it (i) was not reportable, (ii) had been replaced, (iii) had been corrected, (iv) would be removed, (v) had been removed, and (iv) would not be provided to prospective employers, shows that Defendant's actions were intentional, malicious and oppressive.

130.    All offers of employment were rescinded as a direct result of receiving the infringing CAF from Defendant Boutique.

131.    Defendant Boutique intended to disrupt Plaintiff's employment contracts and/or offers of employment, or in the alternative, knew that disruption was substantially certain as a result of providing the infringing CAF.

132.    Plaintiff suffered past and future economic losses and noneconomic damages as a result of Defendant's interference and request punitive damages.

**THIRTEENTH CLAIM FOR RELIEF – NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

133.    Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

134.    On information and belief, Defendant negligently interfered with the three offers of employment between Plaintiff and Horizon Air and SkyWest Airlines.

135.    These three offers of employment were more likely than not going to result in economic benefit to Plaintiff.

136.    Defendant was aware of these employment offers, knew that the infringing CAF would disrupt the relationships and published them anyway.

137.    Defendant's published the infringing CAF despite stating that it (i) was not reportable, (ii) had been replaced, (iii) had been corrected, (iv) would be removed, (v) had been removed, and (iv) would not be provided to prospective employers, shows that Defendant's actions were intentional malicious and oppressive.

138.    All offers of employment were rescinded as a direct result of receiving the infringing CAF from Defendant Boutique.

139.    Defendant failed to use any reasonable care and knew that disruption was substantially certain as a result of providing the infringing CAF.

140.   Plaintiff suffered past and future economic losses and noneconomic damages as a result of Defendant's interference and requests punitive damages.

**REQUEST FOR EXEMPLARY DAMAGES**

141.   Plaintiff incorporates by this reference each and every allegation contained in the Paragraphs above, as though fully set forth herein.

142.   As additional damages against Defendant, Plaintiff alleges Defendant is guilty of malice, fraud and oppression as defined in California Civil Code §3294, and Plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

143.   The fact supporting Plaintiff's claim are as follows:

   a.   Defendant repeatedly misrepresented that the infringing CAF (i) was not reportable, (ii) had been replaced, (iii) had been corrected, (iv) would be removed, (v) had been removed, and (iv) would not be provided to prospective employers, but then continued to include it in Plaintiff's file, provided it to potential employers on at least three occasions and then attempted to extort Plaintiff by threatening to continue publishing it along with other previously undisclosed and unsubstantiated records if Plaintiff asserted any claims against Defendant.

   b.   Defendant has been on notice of its infringing conduct for several years and has had similar complaints of sandbagging ex-employees by putting inappropriate documents in pilot's PRIA and/or employee files to discourage pilots leaving the company.

   c.   Defendant attempted to extort Plaintiff, threatening to publish the infringing CAF along with previously undisclosed and unsubstantiated alleged HR complaints should

Plaintiff pursue an action against it in violation of California Penal Code Section

518PC.

    d.   Defendant is guilty of a misdemeanor for its willful violation of California Labor

        Code §1050 by making misrepresentations to prevent or attempt to prevent former

        employees from obtaining employment.

    e.   Defendant's actions are violation of California Business and Professions Code §17200

        and 49 U.S.C. 44703.

144.   Defendant's actions re intentional, malicious and foster a hostile work environment by

aggressively and unfairly acting against former employees to minimize employee attrition and

training costs.

145.   The amount of exemplary damages sought is not shown, pursuant to Code of Civil

Procedure section 425.10.


**REQUEST FOR INJUNCTIVE RELIEF**

146.   Plaintiff incorporates by this reference each and every allegation contained in the

Paragraphs above, as though fully set forth herein.

147.   Plaintiff has made repeated requests for Defendant to correct the subject PRIA file

documentation prepared by Defendant by removing the infringing CAF. Defendant has

repeatedly promised to remove the infringing document and each promise has been shown to

be false.

148.   Defendant's failure to communicate, refusal to correct Plaintiff's PRIA file, fraudulent

promises to correct Plaintiff's PRIA file and attempted extortion of Plaintiff has caused, and is

causing Plaintiff to be terminated from employment, lose employment opportunities, incur

costs, legal fees, professional fees and is subjecting Plaintiff to great hardship, emotional stress

and permanent damage to his representation and occupation.

149.   Plaintiff requests that the Court issue an Order requiring Defendant to correct Plaintiff's

PRIA file by removing the infringing CAF record and ensuring that any complaints or

allegations that were not provided to Plaintiff at the time of his termination be permanently

removed from Defendant's files and be destroyed.


**REQUEST FOR DECLARATORY JUDGEMENT**

150.   Plaintiff incorporates by this reference each and every allegation contained in the

Paragraphs above, as though fully set forth herein.

151.   Plaintiff requests a declaration of his rights under California law with respect to

Defendant


**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against

Defendant, granting Plaintiff the following relief:

A. The entry of judgment in favor of the plaintiff on each and every cause of action;

B. The award of the requested equitable relief, punitive, treble and exemplary damages and

other damages in an amount exceeding $85,000.00;

C. The award of costs of the suit and attorneys' fees; and

D. Such other relief as the Court deems just and proper.

1

**<u>DEMAND FOR TRIAL BY JURY</u>**

2
Plaintiff demands a trial by jury on all issues that are so triable.

3

4

5
Dated this 27th day of March, 2019.      AVIALEX LAW GROUP, LLP

6

7
/S/ John T. Van Geffen

8
_____

9
John T. Van Geffen (SBN 247084)
465 California Street, Suite 210

10
San Francisco, CA 94104
Tele: (415) 421-2500

11
Fax:  (415) 421-2560
Email: john@avialex.com

12

13
Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28