MICHAEL LAURENSON (SBN: 190023)
BRAD M. WEINTRAUB (SBN: 299298)
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Tel:  415-875-4315
Fax: 415-986-8054
bweintraub@grsm.com
mlaurenson@grsm.com

Attorneys for Defendant
BOUTIQUE AIR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. WOELICH<br><br>               Plaintiff,<br><br>vs.<br><br>BOUTIQUE AIR, INC.,<br><br>               Defendant. | CASE NO.  3:19-cv-01591-LB<br><br>**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant Boutique Air, Inc. ("Defendant") answers the Complaint of Plaintiff Robert J. Woelich ("Plaintiff") as follows:

## NATURE OF THE ACTION

1.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 1 and on that basis denies them.

2.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 2 and on that basis denies them.

///

///

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## PARTIES

3.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 3 and on that basis denies them.

4.    Defendant admits the allegations of paragraph 4.

5.    Defendants does not have sufficient information at this time to either admit or deny the allegations of paragraph 6 and on that basis denies them.

## JURISDICTION AND VENUE

6.    Defendant admits the allegations of paragraph 6.

7.    Defendant admits the allegations of paragraph 7.

8.    Defendant admits the allegations of paragraph 8.

9.    Defendant admits the allegations of paragraph 9.

10.    Defendants does not have sufficient information at this time to either admit or deny the allegations of paragraph 10 and on that basis denies them.

11.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 11 and on that basis denies them.

## FACTS

12.    Defendant admits the allegations of paragraph 12.

13.    The allegations in paragraph 13 constitute legal conclusions to which no response is required.

14.    Defendant admits the allegations of paragraph 14.

15.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 15 and on that basis denies them.

16.    Defendant admits the contents of the CAF, but does not have sufficient information at this time to either admit or deny the remaining allegations of paragraph 16 and on that basis denies them.

17.    Defendant admits that Plaintiff requested copies of the CAF and HR complaints, but denies the remainder of the allegations in paragraph 17.

-2-

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

18.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 18 and on that basis denies them.

19.     Defendant only admits that it provided Plaintiff with an electronic copy of the CAF and that it was labeled as a "PRIA Reportable Incident," but denies the remainder of the allegations in paragraph 19.

20.     Defendant admits the allegations in paragraph 20.

21.     Defendant only admits that Plaintiff was sent an updated CAF for signature which would replace the original CAF, but denies the remainder of the allegations in paragraph 21.

22.     Defendant admits that Plaintiff executed and returned the updated CAF on or about May 10, 2017.  Defendant further admits that Plaintiff made claims in his May 10, 2017 email concerning the basis of the HR complaints.

23.     Defendant admits that Plaintiff made claims in his May 10, 2017 email to Defendant concerning the HR complaints and the basis for his termination.

24.     Defendant admits the contents of the email, but denies that Mr. Bucher made material misrepresentations.

25.     Defendant admits the allegations of paragraph 25.

26.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 26 and on that basis denies them.

27.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 27 and on that basis denies them.

28.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 28 and on that basis denies them.

29.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 29 and on that basis denies them.

30.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 30 and on that basis denies them.

ANSWER TO COMPLAINT

31. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 31 and on that basis denies them.

32. Defendant admits that Plaintiff's counsel sent it a letter dated September 25, 2018 demanding the removal of the CAF from Plaintiff's PRIA-related records.  Defendant denies the remainder of the allegations in paragraph 32.

33. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 33 and on that basis denies them.

34. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 34 and on that basis denies them.

35. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 35 and on that basis denies them.

36. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 36 and on that basis denies them.

37. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 37 and on that basis denies them.

38. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 38 and on that basis denies them.

39. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 39 and on that basis denies them.

40. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 40 and on that basis denies them.

41. Defendant admits the allegations in paragraph 41.

42. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 42 and on that basis denies them.

43. Defendant admits the allegations of paragraph 43.

44. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 44 and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

45.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 45 and on that basis denies them.

46.    Defendant admits the allegations of paragraph 46.

47.    Defendant admits that Plaintiff's counsel sent a letter dated January 24, 2019 regarding the PRIA file and the CAF, but denies the remaining allegations in paragraph 47.

48.    Defendant denies the allegations of paragraph 48.

49.    Defendant denies the allegations of paragraph 49.

50.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 50 and on that basis denies them.

51.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 51 and on that basis denies them.

52.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 52 and on that basis denies them.

53.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 53 and on that basis denies them.

54.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 54 and on that basis denies them.

55.    Defendant denies the allegations of paragraph 55.

## TREBLE DAMAGES

56.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.    Defendant denies the allegations in paragraph 57.

58.    Defendant denies the allegations in paragraph 58.

## FIRST CLAIM FOR RELIEF - INTENTIONAL TORT – FALSE LIGHT

59.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

response to paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.   Defendant denies the allegations in paragraph 60.

61.   Defendant denies the allegations in paragraph 61.

62.   Defendant denies the allegations in paragraph 62.

63.   Defendant denies the allegations in paragraph 63.

64.   Defendant denies the allegations in paragraph 64.

## SECOND CLAIM FOR RELIEF – NEGLIGENCE

65.   Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 64, inclusive, as though fully set forth herein.

66.   Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 66 and on that basis denies them.

67.   Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 66 and on that basis denies them.

68.   Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 67 and on that basis denies them.

69.   Defendant denies the allegations in paragraph 69.

70.   Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 70 and on that basis denies them.

## THIRD CLAIM FOR RELIEF - NEGLIGENCE PER SE

71.   Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 70, inclusive, as though fully set forth herein.

72.   Defendant denies the allegations in paragraph 72.

73.   Defendant denies the allegations in paragraph 73.

///

///

-6-

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**FOURTH CLAIM FOR RELIEF - FRAUD – MISREPRESENTATION**

74.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 73, inclusive, as though fully set forth herein.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 76 and on that basis denies them.

77.     Defendant denies the allegations in paragraph 77.

78.     Defendant denies the allegations in paragraph 78.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 81 and on that basis denies them.

**FIFTH CLAIM FOR RELIEF - FRAUD – CONCEALMENT**

82.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 81, inclusive, as though fully set forth herein.

83.     Defendant admits the allegations of paragraph 83.

84.     Defendant denies the allegations in paragraph 84.

85.     Defendant denies the allegations in paragraph 85.

86.     Defendant denies the allegations in paragraph 86.

87.     Defendant denies the allegations in paragraph 87.

88.     Defendant denies the allegations in paragraph 88.

89.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 89 and on that basis denies them.

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## SIXTH CLAIM FOR RELIEF – FRAUD – PROMISE WITHOUT INTENT TO PERFORM

90.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 89, inclusive, as though fully set forth herein.

91.     Defendant denies the allegations in paragraph 91.

92.     Defendant denies the allegations in paragraph 92.

93.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 93 and on that basis denies them.

## SEVENTH CLAIM FOR RELIEF – DEFAMATION *PER SE*

94.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 93, inclusive, as though fully set forth herein.

95.     Defendant denies the allegations in paragraph 95.

96.     Defendant denies the allegations in paragraph 96.

97.     Defendant denies the allegations in paragraph 97.

98.     Defendant denies the allegations in paragraph 98.

99.     Defendant denies the allegations in paragraph 99.

## EIGHTH CLAIM FOR RELIEF – DEFAMATION PER QUOD

100.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 99, inclusive, as though fully set forth herein.

101.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 101 and on that basis denies them.

102.    Defendant denies the allegations in paragraph 102.

103.    Defendant denies the allegations in paragraph 103.

## NINTH CLAIM FOR RELIEF – TRADE LIBEL

104.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 103, inclusive, as though fully set forth herein.

105.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 104 and on that basis denies them.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 107 and on that basis denies them.

108.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 108 and on that basis denies them.

109.    Defendant denies the allegations in paragraph 109.

## TENTH CLAIM FOR RELIEF - VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200

110.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 109, inclusive, as though fully set forth herein.

111.    Defendant denies the allegations in paragraph 111.

112.    Defendant denies the allegations in paragraph 112.

113.    Defendant denies the allegations in paragraph 113.

114.    Defendant denies the allegations in paragraph 114.

115.    Defendant denies the allegations in paragraph 115.

116.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 116 and on that basis denies them.

117.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 117 and on that basis denies them.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## ELEVENTH CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

118.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 118, inclusive, as though fully set forth herein.

119.    Defendant denies the allegations in paragraph 119.

120.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 120 and on that basis denies them.

121.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 121 and on that basis denies them.

122.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 122 and on that basis denies them.

123.    Defendant denies the allegations in paragraph 123.

124.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 124 and on that basis denies them.

## TWELFTH CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

125.    Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 124, inclusive, as though fully set forth herein.

126.    Defendant denies the allegations in paragraph 126.

127.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 127 and on that basis denies them.

128.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 128 and on that basis denies them.

129.    Defendant denies the allegations in paragraph 129.

130.    Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 130 and on that basis denies them.

ANSWER TO COMPLAINT

131. Defendant denies the allegations in paragraph 131.

132. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 132 and on that basis denies them.

### THIRTEENTH CLAIM FOR RELIEF – NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

133. Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 132, inclusive, as though fully set forth herein.

134. Defendant denies the allegations in paragraph 134.

135. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 135 and on that basis denies them.

136. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 136 and on that basis denies them.

137. Defendant denies the allegations in paragraph 137.

138. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 138 and on that basis denies them.

139. Defendant denies the allegations in paragraph 139.

140. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 140 and on that basis denies them.

### REQUEST FOR EXEMPLARY DAMAGES

141. Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 140, inclusive, as though fully set forth herein.

142. Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 142 and on that basis denies them.

143. Defendant denies the allegations in paragraph 143.

144. Defendant denies the allegations in paragraph 144.

145. Defendant does not have sufficient information at this time to either admit or deny

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

the allegations of paragraph 145 and on that basis denies them.

## REQUEST FOR INJUNCTIVE RELIEF

146.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 145, inclusive, as though fully set forth herein.

147.     Defendant admits that Plaintiff made requests to correct his PRIA file, but denies the remaining allegations in paragraph 147.

148.     Defendant denies the allegations in paragraph 148.

149.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 149 and on that basis denies them.

## REQUEST FOR DECLARATORY JUDGEMENT

150.     Defendant hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to paragraphs 1 through 149, inclusive, as though fully set forth herein.

151.     Defendant does not have sufficient information at this time to either admit or deny the allegations of paragraph 151 and on that basis denies them.

## AFFIRMATIVE DEFENSES

Defendant alleges the following as further and separate affirmative defenses to Plaintiff's Complaint, without assuming any burden of proof that would otherwise rest on Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff is not entitled to relief on any of his causes of action because the Complaint, and each purported cause of action therein, fail to state a cause of action for which relief can be granted against Defendant.

///

///

///

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendant alleges that the causes of action stated in the Complaint are barred by the applicable statute of limitations, including but not limited to California Government Code § 12960 and California Code of Civil Procedure §§ 335-340.

## THIRD AFFIRMATIVE DEFENSE

(Laches)

Defendant alleges that Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering defendant, and therefore the Complaint, in whole or in part, is barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

Defendant alleges that Plaintiff has waived his right to recover as set forth in the Complaint based on the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

Defendant alleges that Plaintiff has ordered, and/or ratified Defendant's conduct, and is thus estopped from asserting any claims against Defendant.

## SIXTH AFFIRMATIVE DEFENSE

(Legitimate Business Necessity)

Defendant alleges that any recovery on the Complaint is barred in whole or in part on grounds that any actions taken by Defendant was reasonable in response to legitimate business necessities, and were taken for legitimate non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

Defendant alleges that the Complaint and each cause of action alleged therein are barred by the after-acquired evidence doctrine.

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Defendant alleges that Plaintiff could have mitigated the amount of damages Plaintiff alleges to have suffered with the exercise of reasonable effort and/or care, but Plaintiff has failed, neglected and refused, and continue to fail, neglect and refuse to exercise a reasonable effort to mitigate the damages.

## NINTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

Defendant alleges that Plaintiff is not entitled to relief on any of his causes of action to the extent Plaintiff failed to timely and successfully exhaust her administrative remedies for the conduct alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Defendant alleges that the damages alleged by Plaintiff are barred by the doctrine of avoidable consequences.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Damage)

Defendant alleges that Plaintiff is not entitled to relief on any of his claims because Plaintiff has not suffered any damage as a result of any action taken by Defendant or its agents.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Defendant alleges that Plaintiff's losses, if any, are speculative, remote and/or uncertain, and therefore, not compensable.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Defendant alleges that the Complaint, and each purported cause of action alleging a claim for punitive damages, fails to state sufficient facts to state a claim for punitive damages against Defendant.

ANSWER TO COMPLAINT

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Ratification)

Defendant alleges that Plaintiff is not entitled to relief on any of his causes of action because the Complaint, and each cause of action, fails because Defendant did not engage in any unlawful conduct towards Plaintiff.  However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendant occurred, such conduct was neither authorized nor ratified by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

The Complaint and each of its causes of action are barred because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were privileged and done with good cause.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Violation of Statutory or Constitutional Right)

Defendant alleges that Defendant has taken no action and made no omission that violated or sought to violate any statutory or constitutional right relating to Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Causal Relationship)

The Complaint, and each purported cause of action alleged herein, is barred because no causal relationship exists between any alleged injury, loss or damages and the alleged wrongful conduct, if any, or Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Wrongful Actions)

Defendant alleges that any recovery by Plaintiff is barred, as any loss to Plaintiff was proximately caused by Plaintiff's own wrongful actions..

## NINETEENTH AFFIRMATIVE DEFENSE

### (Willful Misconduct)

The Complaint and each of its causes of action are barred by Plaintiff's willful

ANSWER TO COMPLAINT

misconduct.

## TWENTIETH AFFIRMATIVE DEFENSE

(Setoff)

Any award to Plaintiff is barred, in whole or in part, by the equitable defense of setoff.

## RESERVATION OF RIGHTS

Defendant hereby give notice that it intends to rely upon any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional defenses as discovery proceeds.

## PRAYER FOR RELIEF

WHEREFOR, Defendant prays for judgment as follows:

1.    That Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2.    That Plaintiff take nothing by way of the Complaint;

3.    That judgment be entered in favor of Defendant;

4.    For costs of suit incurred in defense of this action;

5.    For recovery of attorneys' fees expended in the defense of this action; and

6.    For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Defendant hereby demands a jury trial.

Dated:  April 26, 2019                    GORDON REES SCULLY MANSUKHANI, LLP

By:  _____
                    Michael A. Laurenson
                    Brad M. Weintraub
                    Attorneys for Defendant
                    BOUTIQUE AIR, INC.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1154175/37802586v.1

-16-

ANSWER TO COMPLAINT